Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Doug Witt

# United States Bankruptcy Court
## Northern District of Texas
## Dallas Division

| | |
|---|---|
| In re:<br>Courtney Michelle Linton,<br><br>Debtor.<br><br><br>Doug Witt,<br>Movant,<br><br>v.<br><br>Courtney Michelle Linton, Debtor, and<br>Thomas Powers, Chapter 13 Trustee,<br>Respondents. | Case No. 25-34175-swe13<br><br>Chapter 13<br><br><br><br><br><br>Preliminary Hearing Date:<br>*January 14, 2026, at 11:30 a.m.* |

### LANDLORD'S SUPPLEMENT TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR CONFIRMATION OF TERMINATION OF AUTOMATIC STAY DEBTOR'S RESIDENTIAL LEASE PROPERTY LOCATED AT 2103 LONG FOREST RD., HEARTLAND, TEXAS

Creditor Doug Witt ("Landlord") files this Supplement to the pending Motion for Relief from the Automatic Stay (ECF No. 34) and respectfully requests confirmation that the automatic stay terminated by operation of the Court's oral ruling made on November 19, 2025, or, in the alternative, that relief from stay be granted. In support, Landlord would show the Court as follows:

**Introduction**

1. On December 23, 2025, Landlord filed his Motion for Relief from the Automatic Stay seeking prospective relief under 11 U.S.C. § 362(d)(1) to terminate a month-to-month residential lease and obtain possession of the Premises in accordance with Texas law.

2. A preliminary hearing on the Motion is set for January 14, 2026.

3. This Supplement is filed to apprise the Court of additional grounds supporting relief and to request confirmation of the effect of the Court's November 19, 2025 oral ruling conditioning continuation of the automatic stay.

### The Court's November 19, 2025 Oral Ruling

4. At the November 19, 2025 hearing on Landlord's prior request for stay relief and the Debtor's motion to extend stay, the Court declined to grant immediate relief but expressly conditioned continuation of the automatic stay on strict payment terms.

5. As reflected in the audio record of that hearing, the Court ruled, in substance, that:

   a. Beginning on or before January 1, 2026, the Courtney Michelle Linton ("Debtor") was required to make the regular monthly rent payment plus a partial cure payment of $611;

   b. The payment was required to be made in good funds and received by the Landlord on or before that date;

   c. The Court allowed no grace period or leeway;

   d. The Court stated that if the Debtor missed the payment, the automatic stay would lift without further order of the Court.

6. The Debtor expressly agreed to these conditions on the record.

7. Although the Court directed counsel to prepare a written order memorializing the ruling, no written order was ever submitted or entered.

### Debtor's Failure to Comply with the Court-Imposed Condition

8. The Debtor did not make and the Landlord did not receive the January 1, 2026 payment required by the Court's ruling, including the $611 partial cure payment.

9. No payment was received on or before January 1, 2026, including any portion of the regular rent or the $611 cure payment.

10. Accordingly, the express condition imposed by the Court for continuation of the automatic stay was not satisfied.

### Legal Effect of the Ruling and Request for Confirmation

11. Where a bankruptcy court conditions continuation of the automatic stay on strict compliance with payment terms and expressly provides that failure to comply results in termination of the stay without further order, the stay terminates by operation of the Court's ruling upon noncompliance.

12. Here, the condition was clear, receipt-based, time-specific, and self-executing. The Debtor's failure to comply resulted in termination of the automatic stay as of January 1, 2026.

13. Because the ruling was oral and no written order was entered, Landlord seeks confirmation from the Court before proceeding further, out of an abundance of caution and to avoid any dispute regarding the stay's status.

14. In the alternative, and independent of confirmation of termination, Landlord continues to seek relief from stay for cause under § 362(d)(1) as set forth in the original Motion.

**FOR THESE REASONS**, the Landlord respectfully asks the Court to (1) confirm that the automatic stay terminate by operation of the Court's November 19, 2025 oral ruling due to the Debtor's failure to comply with the payment conditions; or in the alternative, (2) grant the relief from the automatic stay under 11 U.S.C. § 362(d)(1) as requested in the pending Motion; and (3) grant such other and further relief as the Court deems just and proper.

Respectfully submitted:

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border St., Arlington, Texas 76010
Telephone: (817) 704-3984
Attorney for the Movant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2026, a true and correct copy of the above document was served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Debtor(s)*: Christopher Lee, Reaves & Lee, PLLC, 8701 W. Bedford Euless Road, Suite 510, Hurst, TX 76053

*Via US Mail to Debtor(s)*: Courtney Michelle Linton, 2103 Long Forest Rd., Forney, TX 75126

*Via CM/ECF to Chapter 13 Trustee:* Thomas Powers, 5601 Executive Dr., Suite 300, Irving, TX 75038

*Via CM/ECF to US Trustee*: United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75202

 */s/ Clayton L. Everett*
Clayton L. Everett