

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 22, 2026**

_____
**United States Bankruptcy Judge**

_____

## United States Bankruptcy Court
Northern District of Texas
Dallas Division

| | |
|---|---|
| In re:<br>Courtney Michelle Linton,<br><br>Debtor.<br><br><br>Doug Witt,<br>Movant,<br><br>v.<br><br>Courtney Michelle Linton, Debtor, and Thomas Powers, Chapter 13 Trustee,<br>Respondents. | Case No. 25-34175-swe13<br><br>Chapter 13<br><br><br><br><br>Preliminary Hearing Held:<br>*January 14, 2026, at 11:30 a.m.* |

### ORDER TERMINATING THE AUTOMATIC STAY

CAME ON FOR CONSIDERATION the Motion for Relief from Automatic Stay and Supplement to Motion (together, the "Motion") filed by Doug Witt ("Landlord") concerning residential leased property located at 2103 Long Forest Rd., Heartland, Texas 75126 (the

"Premises"). The Court, having considered the Motion, the record in this case, the Court's prior oral ruling, the pleadings, the arguments of counsel, and the applicable law, finds as follows:

It is therefore **ORDERED, ADJUDGED, AND DECREED** that:

1. The Court **CONFIRMS** that the automatic stay imposed by 11 U.S.C. § 362(a) terminated by operation of the Court's oral ruling, effective January 2, 2026, as to the Landlord and the Premises, due to the Debtor's failure to make the required payment on or before January 1, 2026.

2. Alternatively, the Court finds that the Debtor's failure to make the required payment constitutes cause under 11 U.S.C. § 362(d)(1), and relief from the automatic stay is **GRANTED**, effective January 2, 2026, as to the Landlord and the Premises.

3. The Landlord is authorized to **exercise any and all rights and remedies available under applicable Texas law** with respect to the Premises, including, without limitation, termination of the month-to-month residential lease in accordance with its terms and applicable Texas law and the commencement and prosecution of a forcible detainer action and enforcement of any resulting judgment for possession through lawful state-court procedures.

4. Pursuant to Fed. R. Bankr. P. 4001(a)(3), any stay of this Order is WAIVED.

SO ORDERED.

# # # END OF ORDER # # #

Approved as to form:

| | |
|---|---|
| /s/ Clayton L. Everett | /s/ Misty V. Sheffield, with permission |
| Clayton L. Everett | Christopher M. Lee |
| State Bar No. 24065212 | State Bar No. 24041319 |
| clayton@norredlaw.com | Jon M. Reaves |
| Norred Law, PLLC | State Bar No. 24137142 |
| 515 E. Border St. | Misty V. Sheffield |
| Arlington, Texas 76010 | State Bar No. 24067034 |
| Attorney for Doug Witt | Reaves & Lee, PLLC |
| | 8701 Bedford Euless Rd, Ste 510 |
| | Hurst, TX 76053 |
| | Attorney for Debtor |